JUDGE CASTEL

10 CV 4971

Jason L. Solotaroff (JS 5739)
GISKAN SOLOTAROFF ANDERSON & STEWART LLP
11 Broadway, Suite 2150
New York, New York 10004
(212) 847-8315

Attorneys for Plaintiff

RECEIVED JUN 25 2010 U.S.D.C. S.D.N.Y. CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
MAYLING TU,

            Plaintiff,

            v.                                                                  **COMPLAINT**

OPPENHEIMER FUNDS, INC.,
and DANIEL KOHN,                                                  Jury Trial Demanded

            Defendants.
------------------------------------------------------------x

## PRELIMINARY STATEMENT

1.     Plaintiff, Mayling Tu, a former senior project manager at Defendant Oppenheimer Funds, Inc. ("Oppenheimer") brings this action alleging discrimination and retaliation by Oppenheimer in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, 42 U.S.C. §1981 and the New York City Human Rights Law.

2.     Plaintiff is a Taiwanese woman. She is a graduate of Cornell University and received a MBA from Columbia University. Prior to beginning work at Oppenheimer in May of 2006, Plaintiff had been successfully employed in various managerial roles including project manager at J.P. Morgan Chase and Morgan Stanley.

3. Plaintiff was discriminated against at Oppenheimer by being paid less than similarly situated white and/or male employees and by being denied training opportunities that were afforded to white and/or male employees.

4. Plaintiff complained about the discrimination beginning in 2007. Thereafter, her supervisor began to unfairly criticize her performance. After making additional complaints, Plaintiff was terminated by Oppenheimer in January 2009.

5. Even prior to her termination, Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC") on December 16, 2008. After an intensive investigation, in March 2009, the EEOC determined there was probable cause to believe that Oppenheimer had unlawfully retaliated against Plaintiff.

## JURISDICTION AND VENUE

6. There is jurisdiction over Plaintiff's claim under 42 U.S.C. §1981 and Title VII pursuant to 28 U.S.C. §1331. There is jurisdiction over Plaintiff's claim under the New York City Human Rights Law pursuant to 28 U.S.C. §1367.

7. Venue is properly before this Court pursuant to 28 U.S.C. §1391(a) as a substantial part of the events giving rise to the claim occurred in this district.

## THE PARTIES

8. Plaintiff, Mayling Tu is a Taiwanese female and is domiciled in the State of New Jersey.

9. Defendant Oppenheimer Funds Inc. is a corporation incorporated under the laws of Delaware with its principal place of business in New York, New York.

10. Defendant Daniel Kohn is domiciled in the State of New Jersey.

## THE FACTS

11.   Plaintiff was born in Taiwan. She was educated in the United States and Taiwan. She received a B.A. from Cornell University and a M.B.A. from Columbia University.

12.   Plaintiff worked in various managerial roles including project manager at J.P. Morgan Chase from 1997 to 2004. She voluntarily resigned from J.P. Morgan Chase in 2004, when her office was moved to a location to which it was extremely difficult for Plaintiff to commute.

13.   From 2005 to 2006, Plaintiff was a project management consultant at Morgan Stanley. After Plaintiff's consulting arrangement ended, she accepted permanent employment from Oppenheimer.

14.   Both at J.P. Morgan Chase and Morgan Stanley, Plaintiff had primarily worked on non-technology projects that did not require her to have specialized or in depth knowledge of information technology. During Plaintiff's recruitment by Oppenheimer, Plaintiff advised Oppenheimer of her lack of technological expertise. Oppenheimer assured Plaintiff that technological expertise was not a prerequisite for the senior project manager position for which she was being hired.

15.   Plaintiff accepted the position at Oppenheimer and began working there in May 2006.

16.   Plaintiff's initial salary was $125,000, which was approximately $15,000 less than what similarly situated white and/or male senior project managers were paid when they first joined Oppenheimer.

17. Plaintiff's initial supervisor was Jodi Pullman. While under Ms. Pullman's supervision, Plaintiff performed her duties competently and received favorable 2006 and 2007 year end reviews.

18. Despite Oppenheimer's assurances, Plaintiff was primarily assigned to manage technology projects and she came to realize that her performance would be even stronger if she had more technological expertise. Accordingly, she requested permission to attend courses designed to provide business managers with such expertise. Ms. Pullman advised Plaintiff that the request would have to be approved by Daniel Kohn, who was Ms. Pullman's direct supervisor and Plaintiff's ultimate supervisor.

19. In approximately May or June of 2007, Plaintiff learned that Mr. Kohn had denied her request for training even though funds for training senior project managers were included in the departmental budget and other male and/or white senior project managers had been given opportunities to receive necessary training.

20. In July 2007, based on the denial of training, along with Plaintiff's perception that Mr. Kohn treated her in a far more hostile manner than he treated her white and/or male colleagues, Plaintiff complained to Ms. Pullman that Mr. Kohn was discriminating against her based on her sex and national origin. Ms. Pullman dismissed Plaintiff's concerns. On information and belief, Ms. Pullman told Mr. Kohn about Plaintiff's complaints.

21. In February 2008, Mr. Kohn became Plaintiff's direct supervisor. Almost immediately, he began to harshly criticize Plaintiff's performance. Even though Plaintiff's performance remained as strong as it had been under Ms. Pullman's supervision, Mr. Kohn regularly faulted Plaintiff for perceived deficiencies. Notably, Plaintiff was faulted for the same

4

lack of technological expertise that she had requested training to remedy. Mr. Kohn also consistently treated Plaintiff in a harassing, hostile and demeaning manner.

22.  Mr. Kohn's criticism of Plaintiff's performance and his harassment of her continued throughout 2008. In August 2008, Plaintiff felt that she had no choice but to complain to Oppenheimer's human resources department about Mr. Kohn's unfair and discriminatory harassment and treatment.

23.  Not satisfied with the response to her complaint, in October 2008, Plaintiff made an additional complaint of discrimination to Oppenheimer's human resources department.

24.  In December 2008, Plaintiff made a third complaint of discrimination to Oppenheimer's human resources department.

25.  On January 26, 2009, Oppenheimer terminated Plaintiff's employment.

26.  Even before her termination, Plaintiff had filed a complaint alleging discrimination based on sex, religion and national origin and retaliation to the Equal Employment Opportunity Commission ("EEOC") on December 16, 2008.

27.  After performing a thorough investigation, the EEOC found probable cause that Oppenheimer had unlawfully retaliated against Plaintiff.

28.  On March 24, 2009, after the EEOC's conciliation process failed, the EEOC issued a right to sue letter.

29.  Plaintiff received the right to sue letter, which is attached to this complaint as Exhibit A, on March 29, 2010.

**FIRST CLAIM FOR RELIEF**
**(AGAINST OPPENHIMER FOR VIOLATIONS OF TITLE VII)**

30.  Plaintiff repeats and realleges the allegations contained in the preceding paragraphs as if fully set forth herein.

31. Defendant discriminated and retaliated against Plaintiff in the terms, conditions and privileges of employment on account of her sex and national origin and her opposition to sex and national origin discrimination in violation of Title VII of the Civil Rights Act of 1964.

## SECOND CLAIM FOR RELIEF
### (AGAINST OPPENHEIMER FOR VIOLATIONS OF 42 U.S.C. §1981)

32. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs as if fully set forth herein.

33. Defendant discriminated and retaliated against Plaintiff in the terms, conditions and privileges of employment on account of her national origin and her opposition to national origin discrimination in violation of 42 U.S.C. §1981.

## THIRD CLAIM FOR RELIEF
### (AGAINST OPPENHEIMER AND KOHN FOR VIOLATIONS OF NEW YORK CITY HUMAN RIGHTS LAW)

34. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs as if fully set forth herein.

35. Defendants discriminated and retaliated against Plaintiff in the terms, conditions and privileges of employment on account of her sex and national origin and her opposition to sex and national origin discrimination in violation of New York City Administrative Code §8-107.

**WHEREFORE**, Plaintiff demands judgment:

A. Requiring Defendant Oppenheimer to reinstate Plaintiff to the position she held prior to discharge, with all employee benefits incidental thereto; or in the alternative to award front pay;

B.  Enjoining Defendant Oppenheimer, upon Plaintiff's reinstatement, from discriminating against Plaintiff on the basis of sex and national origin, in the terms and conditions of her employment;

C.  Awarding Plaintiff back-pay including lost salary, bonus and other benefits;

D.  Awarding Plaintiff compensatory damages including but not limited to damages for emotional distress;

B.  Awarding Plaintiff punitive damages;

C.  Awarding reasonable attorneys' fees, costs and expenses;

D.  Granting such other legal and equitable relief as the Court may deem just and equitable.

Dated:   New York, New York
         June 25, 2010

GISKAN SOLOTAROFF ANDERSON
& STEWART LLP

By: Jason L. Solotaroff (JS-5739)
11 Broadway, Suite 2150
New York, New York 10004
212-847-8315

ATTORNEYS FOR PLAINTIFF

## JURY DEMAND

Plaintiff demands trial by jury of all issues as of right by a jury.

Dated: New York, New York
June 25, 2010

GISKAN SOLOTAROFF ANDERSON &
STEWART LLP

By: *[signature]*
Jason L. Solotaroff (JS-5739)
11 Broadway, Suite 2150
New York, New York 10004
212-847-8315

ATTORNEYS FOR PLAINTIFF